UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. JESUS RAMOS RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MARIA XOCHITL MEJIA TORRES, et al.,<br><br>Defendants. | No. 2:24-cv-1025-DC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff J. Jesus Ramos Rodriguez is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On April 4, 2024, Plaintiff filed a complaint and paid the filing fee. ECF No. 1. On April 18, 2024, one of the Defendants filed a pro se Answer. ECF No. 4. On April 24, 2024, Magistrate Judge Barnes issued an Order to Show Cause why the action should not be dismissed for lack of subject matter jurisdiction. ECF No. 5. Plaintiff failed to respond to the Order to Show Cause.

On August 6, 2024, this matter was reassigned to the undersigned. ECF No. 6. On October 30, 2024, this Court issued another Order to Show Cause ("OSC"). ECF No. 8. The OSC directed Plaintiff to show cause within 14 days why the action should not be dismissed. ECF No. 8 at 2. It warned that if Plaintiff did not respond the Court "will recommend dismissal of this action." *Id.* More than 14 days have passed, and Plaintiff has not filed a response. The

1

Court now recommends that the action be dismissed for failure to comply with Court order and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

In recommending this action be dismissed for failure to prosecute, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted).  As to factors one and two, Plaintiff appears to have taken no action in this matter since the filing of the complaint eight months ago and has failed to respond to two orders to show cause.  "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  The Court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District.  The third factor is neutral given that there is no demonstrable prejudice to Defendants at this point.  However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  The fourth factor weighs against dismissal.  The Court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.  Therefore, **IT IS HEREBY RECOMMENDED** that this action be dismissed, without prejudice, for lack of prosecution and for failure to comply with the Court's orders.  *See* Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file

////
////
////
////

objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 20, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE